**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
ALEXIS WOOD (SBN 270200)
*alexis@consumersadvocates.com*
KAS GALLUCCI (SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone:(619) 696-9006
Facsimile: (619) 564-6665

*Attorneys for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA TAYLOR, on behalf of herself, and all others similarly situated, | Case No.: |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | **CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227 *et seq.*** |
| SUNRUN, INC. a Delaware Corporation, and CLEAN ENERGY EXPERTS, LLC, a California Limited Liability Company d/b/a SOLAR AMERICA, | |
| Defendants. | <u>DEMAND FOR JURY TRIAL</u> |

**INTRODUCTION**

1.     Jessica Taylor ("Plaintiff"), individually and on behalf of others similarly situated, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Sunrun, Inc. and Clean Energy Experts, LLC, doing business as "Solar America" ("Defendants"), in negligently, and/or willfully contacting Plaintiff through telephone calls on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**NATURE OF THE ACTION**

2.     Defendant Sunrun, Inc. ("Sunrun") "is the largest dedicated residential solar company in the United States" and has "deployed more than $2 billion in solar systems[.]" *See* https://www.sunrun.com/about (last visited on May 30, 2018.).

3.     In the process of arranging and brokering the sale and installation of residential solar systems, Defendant "Sunrun sells directly to consumers over the phone . . . as well as through a network of certified partners." *See id.*

4.     As a part of Defendant Sunrun's business model and in an attempt to solicit business, Defendant Sunrun purchases consumer data from Defendant Clean Energy Experts, LLC ("Clean Energy"), who operates under the name Solar America.

5.     Defendant Clean Energy is the "largest lead generation company in the solar industry." *See* https://www.cleanenergyexperts.com/2015/04/02/sunrun-acquires-clean-energy-experts-announcement-beau-peelle-omer-atesmen/ (last visited on May 30, 2018). Since 2010, Clean Energy has sold over 1,000,000 to solar providers. *See* https://cee.leadmanager.co/signup (last visited on May 30, 2018).

1

6.     On April 2, 2015, Sunrun acquired Clean Energy. *See* https://www.cleanenergyexperts.com/2015/04/02/sunrun-acquires-clean-energy-experts-announcement-beau-peelle-omer-atesmen/ (last visited on May 30, 2018). As a part of the acquisition, Clean Energy announced it "[would] operate as a subsidiary of Sunrun under the [Clean Energy] brand and continue to provide lead generation and management services for all existing and new clients, which include Sunrun and many other companies in the residential solar industry." *See id.*

7.     Clean Energy markets itself as the "#1 provider of highly qualified solar customer sales leads and energy audit leads to renewable energy professionals." (http://www.cleanenergyexperts.com/) According to the services listed on their website, leads purchased from Clean Energy include the name, telephone number, complete home address, and email of prospective clients. These leads are delivered in real-time, allowing Sunrun to place calls immediately.  Once these leads are obtained, Sunrun. routinely contacts consumers through telephone calls with automatic telephone dialing equipment and prerecorded and artificial voice messages.  As a result of this business practice, Sunrun regularly makes automated calls to cellular telephone numbers, without consent, in violation of the TCPA.

8.     The TCPA strictly forbids nuisance calls exactly like those alleged in this Complaint – intrusive phone calls to private cellular phones, placed to numbers obtained without the prior express consent of the call recipients.

9.     The violations of Sunrun and Clean Energy caused Plaintiff and members of the Class actual harm, including aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited phone calls, as well as the violation of their statutory rights.

10.     Plaintiff seeks an injunction stopping Sunrun and Clean Energy from making unsolicited phone calls, as well as an award of statutory damages under the TCPA, together with costs and reasonable attorneys' fees.

*Taylor v. Sunrun Inc. et. al*
CLASS ACTION COMPLAINT

## JURISDICTION AND VENUE

11.     Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.   Further, Plaintiff alleges a national class, which will include class members residing in different states than that of Defendants, providing jurisdiction under 28 U.S.C. § 1332(d)(2)(A).   Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

12.     This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, a federal statute.

13.     Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and 1441(a) because Plaintiff, at all times herein mentioned, resided in Riverside County, city of Rancho Mirage.

## PARTIES

14.     Plaintiff Jessica Taylor is, and at all times mentioned herein was, a resident of the State of California.   She is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (39).

15.     Defendant Sunrun Inc.  is a Delaware Corporation that maintains its principal place of business at 595 Market Street, 29th Floor, San Francisco, California 94105.  At all times mentioned herein, Sunrun was a "person" as defined by 47 U.S.C. § 153(39).

16.     Defendant Clean Energy Experts, LLC, is a California limited liability company doing business as Solar America.  Clean Energy Experts maintains its principal place of business at 595 Market Street, 29th Floor, San Francisco, California 94105. At all times mentioned herein, Clean Energy Experts was a "person" as defined by 47 U.S.C. § 153(39). Clean Energy Experts is a subsidiary

that has been fully integrated into Sunrun since their acquisition in April of 2015. (https://www.sunrun.com/why-sunrun/about/news/press-releases/sunrun-) acquires-clean-energy-experts

17.     Sunrun, with leads purchased from Clean Energy actively conducted and continues to conduct telemarketing campaigns for the purpose of selling solar electric systems.

18.     Plaintiff alleges that at all times relevant herein Defendants conducted business in the State of California and in the County of San Francisco, and within this judicial district by offering solar electric products and services to California residents through a telemarketing campaign.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. §§ 227 *et seq.*

19.     In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

20.     The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

21.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §§ 201 *et seq.*

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

22.      As of October 16, 2013, express **written** consent is required to many any such telemarketing calls to the telephones of consumers.[4]   The express written consent must be signed and be sufficient to show the consumer received clear and conspicuous disclosure of the significance of providing consent and must further unambiguously agree to receive future phone calls.[5]   On July 10, 2015, the FCC released a Declaratory Ruling which clarified that a consumer who had previously provided "express consent" to receive automated calls or text messages has a right to revoke such consent. Under the Declaratory Ruling, consumers can revoke consent using any reasonable method, including orally or in writing, that clearly expresses his or her desire not to receive further calls.

---

[3] *In Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (F.C.C. 2003) ("2003 FCC Order").

[4] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 27 F.C.C.R. 1830, 1837 ¶ 18, 1839 ¶ 20, 1858 ¶ 71 (F.C.C. Feb. 15, 2012) ("2012 FCC Order").

[5] 2012 FCC Order at 1844 ¶ 13; *see also Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009); *Gutierrez v. Barclays Grp.*, 2011 WL 579238, at *2 (S.D. Cal. Feb. 9, 2011).

23.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling,[6] the burden is on Defendants to demonstrate that Plaintiff provided prior express consent within the meaning of the statue.

## FACTUAL ALLEGATIONS

24.     Commencing no later than September of 2016 through the present, Plaintiff received a number of unsolicited phone calls to her both her wireless phone for which Plaintiff provided no consent to call.  These calls were received frequently and on some occasions several calls in a single week.

25.     The incoming calls from Sunrun received by Plaintiff came from the following number: 951-221-8700.

26.     Sunrun called Plaintiff on her on at least the following dates and times, as well as on numerous other occasions:  September 14, 2016 at 1:16 p.m., 2:47 p.m., 5:48 p.m. and 8:49 p.m.; September 15, 2016 at 2:20 p.m.; September 16, 2016 at 1:08 p.m. and 2:21 p.m.; and September 20, 2016 at 10:03 a.m. and 1:08pm.

27.     During the phone calls to Plaintiff's cellphone that she answered, there would be a short delay before Plaintiff would be connected to a live representative. Once connected with a representative of Defendants, Defendants would solicit Plaintiff, the call recipient, to schedule appointments to purchase solar energy systems.  In response Plaintiff would ask to be removed from the calling list and requested that Defendants stop calling her.

28.     During the phone calls to Plaintiff's cellphone that she did not answer, Defendants would either leave a prerecorded or artificial voice message or would hang up and then continue to place calls to her cellphone later that same day.

---

[6] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 2008 WL 65485 (F.C.C. Jan. 4, 2008) ("2008 FCC Order").

29.     Numerous times, during these same phone calls, Plaintiff would instruct Defendants to stop calling, ask to be placed on the internal "Do Not Call List" and would further advise that her cellular telephone number was on the Federal Do Not Call Registry.  Despite Plaintiff's efforts to stop Defendants' calls, Plaintiff continued and continues to receive unsolicited phone calls from Defendants.

30.     Plaintiff is not alone in receiving these unsolicited phone calls or in making numerous requests to stop the calls which Defendants failed to honor. A consumer review site shows 40 harassment complaints against Defendants. Most recently, on April 8, 2018, a consumer wrote:

"Constant harassment 7 days a week. They call from all different numbers".

31.     These unsolicited phone calls placed to Plaintiff's wireless telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and by using "an artificial or prerecorded voice" system as prohibited by 47 U.S.C. § 227 (b)(1)(A), which had the capacity to produce or store numbers randomly or sequentially, and to dial such numbers, to place telephone calls to Plaintiff's cellular telephone.

32.     The existence of the ATDS is further evidenced by the sheer volume of calls received by Plaintiff and Class Members, as such calls would only be made using automated equipment.

33.     The telephone number that Defendants, or their agents, called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

34.     These telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

35.     Plaintiff did not provide Defendants or their agents prior express consent to receive unsolicited phone calls pursuant to 47 U.S.C. § 227 (b)(1)(A).

36.     These telephone calls by Defendants or their agents therefore violated 47 U.S.C. § 227(b)(1).

7

## CLASS ACTION ALLEGATIONS

37.     Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("the Class").

38.     Plaintiff represents, and is a member of the Class, consisting of all persons within the United States who: (1) received a telephone call from Defendants or their agents; (2) on his or her cellular telephone number; (3) through the use of any automatic telephone dialing systems or artificial or pre-recorded voice system as set forth in 47 U.S.C. § 227(b)(1)(A)(3); and (4) where Defendants have no record of prior express consent for such individual to make such call, within four years prior to the filing of the Complaint through the date of final approval.

39.     Defendants and their employees or agents are excluded from the Class.

40.     Plaintiff does not know the exact number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

41.     Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using unsolicited telephone calls, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members.  Plaintiff and the Class members were damaged thereby.

42.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

43.     The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court.  The Class can be identified through Defendants' records or Defendants' agents' records.

44.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact with respect to the Class predominate over questions which may affect individual Class members, including the following:

      a.  Whether, within the four years prior to the filing of this Complaint, Defendants or their agents placed telephone calls without the recipients' prior express consent (other than a telephone call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or pre-recorded voice system, to any telephone number assigned to a cellular telephone service;

      b.  Whether the equipment Defendants or their agents used to make the telephone calls in question was an automatic telephone dialing system as contemplated by the TCAP;

      c.  Whether Defendants or their agents systematically made telephone calls to persons featuring an artificial or pre-recorded voice;

      d.  Whether Defendants or their agents systematically made telephone calls to persons who did not previously provide Defendants with their prior express consent to receive such telephone calls;

      e.  Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations; and

      f.  Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

9

45.     As a person that received at least one unsolicited telephone call to her cell phone without prior express contest, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to any member of the Class.

46.     Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to individually seek legal redress for the wrongs complained of herein.

47.     Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

48.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendants to comply with federal law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendants are small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

49.     This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect each of the Class members uniformly. Plaintiff's challenge to those practices hinges on Defendants' conduct with respect to the Class as whole, not on facts or law applicable only to Plaintiff.

*Taylor v. Sunrun Inc. et. al*
CLASS ACTION COMPLAINT

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. §§ 227 *ET SEQ.***

50.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51.     Each such telephone call described herein was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.  By using such equipment, Defendants were able to in effect make hundreds or thousands of phone calls simultaneously to lists of thousands of consumers' wireless phone numbers without human intervention.  Such telephone calls also featured pre-recorded or artificial voice messages.

52.     The foregoing acts and omissions by Defendants and their agents constitute numerous and multiple negligent violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

53.     As a result of Defendants', and Defendants' agents', negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

54.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**

**TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. §§ 227 *ET SEQ.***

55.     Plaintiff incorporates by reference the above paragraphs 1 through 49 inclusive, of this Complaint as though fully stated herein.

*Taylor v. Sunrun Inc. et. al*
CLASS ACTION COMPLAINT

56.     Each such telephone call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendants were able to in effect make hundreds or thousands of phone calls simultaneously to lists of thousands of consumers' wireless phone numbers without human intervention.  Such telephone calls also featured pre-recorded or artificial voice messages.

57.     The foregoing acts and omissions by Defendants and their agents constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. §§ 227 *et seq*.

58.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

59.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendants:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. §§ 227 *ET SEQ.*

60.     As a result of Defendants', and Defendants' agents', negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

61.     Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

1    62.    Any other relief the Court may deem just and proper.

2    **SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL**

3    **VIOLATION OF THE TCPA, 47 U.S.C. §§ 227 *ET SEQ.***

4    63.    As a result of Defendants', and Defendants' agents', willful and/or

5 knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each

6 Class member treble damages, as provided by statute, up to $1,500.00 for each and

7 every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

8    64.    Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such

9 conduct in the future.

10    65.    Any other relief the Court may deem just and proper.

11

12                    **JURY DEMAND**

13    Plaintiff hereby demands a trial by jury on all issues so triable.

14

15 Dated:  June 5, 2018            */s/ Ronald A. Marron*

16                        By: Ronald A. Marron

17                        **LAW OFFICES OF RONALD A.**
**MARRON**

18                        RONALD A. MARRON

19                        ALEXIS WOOD

20                        KAS GALLUCCI

21                        651 Arroyo Drive

22                        San Diego, California 92103

23                        Telephone: (619) 696-9006

24                        Facsimile: (619) 564-6665

25

26

27

28

*Taylor v. Sunrun Inc. et. al*
CLASS ACTION COMPLAINT